IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY, an Arizona corporation, <br><br> Plaintiff, <br><br> vs. <br><br> G. CAREY CONSTRUCTION CO., an Illinois Corporation, and EDWARD KASLEY, <br><br> Defendants. | Civil Action No.: |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, Nautilus Insurance Company ("Nautilus"), by and though its counsel of record, and for its Complaint against Defendants G. Carey Construction Co. ("Carey") and Edward Kasley, alleges, states and avers:

**PARTIES, JURISDICTION AND VENUE**

1. Jurisdiction in this matter is based upon diversity of citizenship pursuant to 28 U.S.C. §1332(a)(1).

2. Plaintiff, Nautilus, is a corporation organized under the laws of Arizona with its principal place of business in Scottsdale, Arizona.

3. Defendant, Carey, is a corporation organized under the laws of the State of Illinois with its principle place of business in Roselle, Illinois.

4. Defendant, Edward Kasley, is a citizen of the State of Illinois.

5. Nautilus brings this action to obtain a declaratory judgment finding that Nautilus has no duty to defend and, therefore, no duty to indemnify Carey in connection with a lawsuit filed in the Circuit Court for the Sixteenth Judicial Circuit, Kane County, Illinois under the caption, *Edward Kasley v. G. Carey Construction Co.*, Case No. 08 LK 577 (the "Kasley Lawsuit").  A true and

correct copy of the Second Amended Verified Complaint filed in the Kasley Lawsuit is attached hereto and incorporated herein as Exhibit A.

6. Kasley's Second Amended Verified Complaint seeks damages in excess of $461,773.00.

7. Diversity jurisdiction exists because: (a) there is complete diversity of citizenship between Plaintiff, Nautilus, on the one hand, and all Defendants, on the other hand; and (b) the amount in controversy, including the potential costs of both defending and indemnifying Carey, substantially exceeds $75,000.

8. Venue is appropriate under 28 U.S.C. § 1391 because many of the acts – *i.e.*, the making of the insurance contract at issue and the alleged damage to the property at issue in the underlying suit – which form the basis of this action occurred in the Northern District of Illinois.

## THE KASLEY LAWSUIT

9. In or around August 2009, the Second Amended Verified Complaint was filed in the Kasley Lawsuit.

10. The Second Amended Verified Complaint in the Kasley Lawsuit alleges that in June 2007, Kasley purchased from Carey land and a residence to be built at 2064 Westover Road, North Aurora, Illinois (the "Property").

11. The Second Amended Verified Complaint alleges that on May 22, 2008, Kasley notified Carey of numerous latent defects in the Property, resulting in sagging of the flooring of the house, humps in the flooring, cracks in the basement foundation and walls, and cracks in the chimney.

12. The Second Amended Verified Complaint further alleges that certain defects resulted in water leakage, but does not allege that any property – including personal property – was damaged by said water leakage.

13. The Second Amended Verified Complaint contains counts for: (a) Breach of Warranty; (b) Breach of Contract; (c) Rescission; (d) Common Law Fraud; and (e) Violation of the Consumer Fraud Act.

14. The Breach of Warranty count alleges that Carey failed to correct any defects within a reasonable time, breaching the Certificate of Limited Warranty delivered by Carey to Kasley.

15. The Breach of Contract count alleges that Carey did not correct the Punch List items in accordance with Section 12(c) of the Real Estate Purchase Agreement.

16. The Rescission count alleges that as a result of Carey's poor workmanship, there is a large degree of uncertainty as to the future value and structural stability of Kasley's home, and that the parties should be returned to *status quo ante* by rescinding the Real Estate Purchase Agreement.

17. The Common Law Fraud count alleges that Carey made material misrepresentations regarding the recording of a Mechanics' Lien against the Property, resulting in damages to Kasley in an amount equal to satisfy all liens on the Property, as well as attorneys' fees and costs.

18. The Violation of Consumer Fraud Act count alleges that Carey committed deceptions, inducing Kasley to purchase the Property, resulting in damages to Kasley in an amount equal to satisfy all liens on the Property, as well as attorneys' fees and costs.

## NAUTILUS POLICY

19. Nautilus issued Commercial Lines Policy No. NC 654592 (the "Nautilus Policy") to G. Carey Construction Co. A true and correct copy of the Nautilus Policy is attached hereto as Exhibit B.

20. The Nautilus Policy was effective from June 18, 2007 to June 18, 2008.

21. The Each Occurrence Limit for both policies is $1,000,000 Each Occurrence, the Products/Completed Operations Aggregate Limit is $2,000,000, and the General Aggregate Limit is $2,000,000.

22. The Nautilus Policy contains the following insuring agreement, quoted in relevant part:

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

  a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply….

  b. This insurance applies to "bodily injury" and "property damage" only if:

   (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

   (2) The "bodily injury" or "property damage" occurs during the policy period….

23. The Nautilus Policies contains the following relevant definitions:

  **13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

  ***

  **17.** "Property damage" means:

   a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

      **b.**     Loss of use of tangible property that is not physically injured.  All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it….

## COUNT I
### (Declaratory Judgment – No Duty to Defend or Indemnify)

24. Nautilus incorporates by reference paragraphs 1-23 above as if fully stated herein.

25. The Second Amended Verified Complaint in the Kasley Lawsuit does not allege "property damage" caused by an "occurrence," as those terms are defined in the Nautilus Policies. The alleged damage is limited to Carey's work product (*i.e.*, the home on the Property).

26. The Common Law Fraud and Violation of Consumer Fraud Act counts do not allege any "property damage," as that term is defined in the Nautilus Policies. The existence of a lien on the Property is not "property damage."

27. The Nautilus Policies do not potentially or actually cover the claims against Carey in the Kasley Lawsuit.

28. Nautilus has no duty to defend or indemnify Carey in connection with the Kasley Lawsuit.

29. An actual controversy exists between Nautilus, on the one hand, and Carey and Kasley, on the other hand, and by the terms and provisions of Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202, this Court is invested with the power to declare the rights and liabilities of the parties hereto and to grant such relief as it deems necessary and proper.

WHEREFORE, Defendant/Counter-Plaintiff NAUTILUS INSURANCE COMPANY respectfully requests this Honorable Court to declare and adjudge the controversy as follows:

    A.     Declare that Nautilus has no duty to defend Carey in the Kasley Lawsuit;

    B.     Declare that Nautilus has no duty to indemnify Carey for any loss or damages arising from the Kasley Lawsuit;

    C.    Grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

Respectfully submitted,

Nautilus Insurance Company

By:   s/   Perry M. Shorris
       One of Its Attorneys

Perry M. Shorris, Esq. (ARDC No.: 6216843)
Kelly M. Ognibene, Esq. (ARDC No.: 6297327)
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
550 West Adams Street, Suite 300
Chicago, Illinois 60661
Telephone: 312.345.1718
Facsimile: 312.345.1778